UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES D. JENKINS,

    Petitioner,

v.                                               Case No. 4:23-cv-154-WS-MJF

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

James D. Jenkins, proceeding *pro se*, has filed a third amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 24. Respondent ("the State") moves to dismiss the petition on the ground that Jenkins's claims are procedurally defaulted. Doc. 27. Jenkins has not opposed the motion, and his response deadline expired on July 17, 2024. *See* Doc. 30. The undersigned concludes that Jenkins's petition should be dismissed **without prejudice**, because although his claims are unexhausted, they are not procedurally defaulted as the state appellate court has not issued a decision in Jenkins's pending appeal.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Jenkins's habeas petition challenges an administrative disciplinary action by the Florida Department of Corrections. On October 25, 2022, while confined at the Cross City Correctional Institution, Jenkins received a disciplinary report for Spoken Threats. Doc. 27-1, Ex. A at 1 (DR. Log #269-220629). After an investigation and a hearing, the disciplinary team found Jenkins guilty of the rule violation and sentenced him to 30 days in disciplinary confinement and "90 days loss of future gain time." *Id.* at 1-7.[1] The disciplinary decision was issued on November 1, 2022. *Id.* at 1. Jenkins was advised that he had 15 days to appeal the decision through the FDC's administrative grievance procedure. *Id.* at 3; *see also* Fla. Admin. Code r. 33-103.011(1)(b)2.

Jenkins filed grievances appealing the decision. Doc. 27-2, Ex. B; Doc. 27-3, Ex. C. All of the administrative grievances were returned without action on procedural grounds. *Id.*

Before pursuing any remedies in the state courts, Jenkins commenced this federal habeas proceeding on April 17, 2023. Doc. 1.

---

[1] At the time, Jenkins had no gain-time days available to be forfeited. Doc. 27-1 at 3.

After several delays due to Jenkins's failure to cure deficiencies in his petition and Jenkins's failure to comply timely with the undersigned's orders, Jenkins filed a third amended petition on December 27, 2023. Doc. 24.

On August 6, 2023, Jenkins filed a petition for writ of mandamus in the Leon County Circuit Court, Case No. 2023-CA-2125. *See* Attach. 1.[2] On December 28, 2023, the state circuit court dismissed the petition as time-barred, because it was filed outside Florida's 30-day limitation period. *See* Attach. 2.

Jenkins appealed the state circuit court's ruling in the Florida First District Court of Appeal, Case No. 1D2023-3366. *See* Attach. 3. Jenkins's appeal remains pending and appears to be in the briefing stage. *Id.*

## II.   JENKINS'S FEDERAL HABEAS PETITION

Jenkins challenges his prison disciplinary conviction on four grounds: (1) the disciplinary conviction violates the Equal Protection Clause; (2) prison officials' delay in responding to Jenkins's last administrative appeal deprived Jenkins of his ability to timely challenge

---

[2] The court takes judicial notice of the documents filed in Jenkins's underlying state-court cases. *See* Fed. R. Evid. 201.

his conviction in the courts; (3) the disciplinary conviction violates the Due Process Clause; and (4) the disciplinary charge was motivated by retaliation. Doc. 24 at 6-11. Jenkins indicates that he exhausted all of these claims by raising them in his administrative grievances, his state-court mandamus petition, and his appeal in the First DCA. *Id.*

The State moves to dismiss Jenkins's petition as procedurally defaulted. Doc. 27. The State acknowledges that Jenkins's state-court appeal is pending, but argues that Jenkins's claims are procedurally defaulted because he did not properly exhaust his administrative and state-court remedies prior to initiating this habeas action. *Id.* at 5-12 (discussing 42 U.S.C. § 1997e(a) and 28 U.S.C. § 2254(b)(1)(A), and caselaw applying these statutes).

### III. DISCUSSION

**A.  Federal Habeas Exhaustion Requirement and Procedural Default**

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." *Shinn v. Ramirez*, 596 U.S. 366, 375 (2022) (citations omitted). One such constraint is the exhaustion

requirement and corollary principle of procedural default. *See* 28 U.S.C. § 2254(b); *Shinn*, 596 U.S. at 375-79.

Section 2254 "requires state prisoners to 'exhaust the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn*, 596 U.S. at 377 (alteration adopted) (quoting 28 U.S.C. § 2254(b)(1)(A)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim" to the state's highest court, either on direct appeal or on collateral review. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). When a petitioner files his federal habeas petition prior to exhausting his state court remedies, the district court must dismiss the petition without

prejudice to allow for exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). When, on the other hand, a petitioner fails to exhaust his federal claim *and the state court remedy no longer is available*, that failure to exhaust is a procedural default. *Boerckel*, 526 U.S. at 839-40; *see also Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (when a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim now would be procedurally barred under state law, the claim is procedurally defaulted).

In Florida, judicial review of agency action by the FDC involving gain time credits is available by petition for extraordinary relief (mandamus or habeas corpus) in the state circuit court. *See Bush v. State*, 945 So. 2d 1207, 1210 (Fla. 2006);[3] *Williams v. Moore*, 752 So. 2d 574, 575 (Fla. 2000); *Harvard v. Singletary*, 733 So. 2d 1020, 1021-22 (Fla. 1999). Review of the circuit court's decision is available by petition for writ of certiorari in the appropriate district court of appeal. *See Sheley v. Fla.*

---

[3] "[I]f the prisoner alleges entitlement to immediate release, a petition for writ of habeas corpus is the proper remedy; whereas if the prisoner does not allege entitlement to immediate release, a petition for writ of mandamus is the proper remedy." *Bush*, 945 So. 2d at 1210 (footnotes omitted).

*Parole Comm'n*, 720 So. 2d 216 (Fla. 1998); *see also* Fla. R. App. P. 9.030(b)(2); Fla. R. App. P. 9.100.

**B.   All of Jenkins's Claims Are Unexhausted But Not Yet Procedurally Defaulted Because They Are Pending In The First DCA**

Jenkins's state-court mandamus petition filed in the circuit court challenged Jenkins's 2022 disciplinary conviction on the same grounds as those asserted in Jenkins's federal habeas petition. *See* Attach. 1. The state circuit court dismissed Jenkins's mandamus petition as time-barred. *See* Attach. 2. The circuit court did not address any other state procedural bar (*e.g.*, failure to properly exhaust administrative remedies). Jenkins's state-court appeal of that ruling is pending. Until the First DCA issues a decision, it is unknown whether that court will affirm the lower court's procedural-bar ruling. Thus, Jenkins's claims are unexhausted, *see* Doc. 27 at 9-10, but not—at this juncture—procedurally defaulted.

To the extent the State relies on 42 U.S.C. § 1997e(a), its argument plainly is meritless. *See* Doc. 27 at 5-9, 10-11. "[T]he exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), does not apply to habeas petitions[.]" *Watkins v. Haynes*, 445 F.

App'x 181, 183-84 (11th Cir. 2011); *Jones v. Zenk*, 495 F. Supp. 2d 1289, 1296 (N.D. Ga. 2007). Rather, the exhaustion requirement for § 2254 petitions derives from 28 U.S.C. § 2254(b)-(c).

C.     **The Stay-and-Abeyance Procedure Is Not Warranted**

Because all of the claims in Jenkins's third amended petition are unexhausted, the proper disposition is to dismiss the petition without prejudice to allow exhaustion. *See* 28 U.S.C. § 2254(b)(1)(A); *Lundy*, 455 U.S. at 522. The undersigned has considered the fact that when a dismissal without prejudice could result in a subsequent petition being barred from federal habeas review due to the § 2244(d)'s one-year filing limitation, the district court has the discretion to employ a "stay-and-abeyance" procedure whereby the court would stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-79 (2005); *see also Claudio v. Sec'y, Fla. Dep't of Corr.*, 578 F. App'x 797, 799-800 (11th Cir. 2014) (district court should consider propriety of stay under *Rhines* even when petition presents only unexhausted claims).

The Supreme Court, however, has cautioned that the stay-and-abeyance procedure should be used "only in limited circumstances."

*Rhines*, 544 U.S. at 277. A stay is appropriate only when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. After all, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines*, 544 U.S. at 277. A stay "also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

Here, neither party has addressed whether dismissal of Jenkin's § 2254 petition would result in a subsequent § 2254 petition being time-barred. Jenkins has not responded to the State's motion to dismiss or its exhaustion defense; nor has Jenkins requested a stay or shown good cause for his failure to exhaust his claims in state court *prior to* initiating this § 2254 proceeding.

Jenkins's memorandum supporting his third amended petition alleges that: (1) the Secretary's Office mailed its decision in Jenkins's

Page 9 of 14

administrative appeal on February 22, 2023; (2) Jenkins received a copy of the Secretary's response on March 19, 2023; (3) on March 21, 2023, Jenkins was placed in administrative confinement without access to his legal property or the ability to visit the law library; and (4) Jenkins was released from confinement on April 1, 2023. Doc. 24, Mem. ¶¶ 9-10. Jenkins alleges that he filed his § 2254 petition on April 17, 2023, instead of filing a mandamus petition in the state court, because an inmate law clerk gave him "false info. as to where to file the 'writ.'" *See id.* ¶ 10.

The foregoing facts do not establish good cause for Jenkins's failure to exhaust his claims first in state court. The faulty advice of an inmate law clerk does not establish good cause.

Additionally, if the First DCA upholds the lower court's procedural-bar ruling, Jenkins's claims clearly are procedurally defaulted from habeas review. *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001). If, on the other hand, the First DCA concludes that Jenkins's state mandamus petition complied with Florida's laws and rules governing such filings, then AEDPA's 1-year statute of limitations likely would be statutorily tolled during the state mandamus and appellate proceedings. *See* 28 U.S.C. § 2254(d)(2). Jenkins, therefore, could file a subsequent §

2254 petition, as long as he complies with AEDPA's filing deadline **once his state-court appeal concludes**.

For all the reasons explained above, the undersigned concludes that a stay would not be an appropriate exercise of the district court's discretion. Thus, Jenkins's present habeas petition must be dismissed without prejudice.

## IV.  A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal still must be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is

whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation, the relevant party shall file such an objection with the District Court.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 27, be:

    a. **GRANTED** to the limited extent that Petitioner's claims are unexhausted (as opposed to procedurally defaulted) under 28 U.S.C. § 2254(b)(1)(A), because his appeal in the First DCA remains pending; and

    b. **DENIED** in all other respects.

2. The third amended petition for writ of habeas corpus, Doc. 24, challenging Petitioner's November 1, 2022, disciplinary conviction for Spoken Threats (DR. Log #269-220629), be **DISMISSED** without prejudice.

3. The District Court **DENY** a certificate of appealability.

4. The clerk be directed to close this case file.

At Panama City, Florida, this <u>1st</u> day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**